UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-20955-KMM

UNITED STATES OF AMERICA,

v.

EDWIDGE SURIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant EDWIDGE SURIN. ECF No. [43]. Based upon the change of plea hearing conducted on March 29, 2019, this Court makes the following findings, and recommends that the guilty plea be accepted, and that Defendant be adjudicated guilty of the offense to which she has pled guilty.

    1. On March 29, 2019, this Court convened a hearing to permit the Defendant to enter a change of plea in the above-captioned matter. This Court advised the Defendant of her right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence. This Court advised the Defendant that she did not have to permit the undersigned Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the

1

District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

3. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and Defendant acknowledged that she understood the terms of the plea agreement and that she signed the plea agreement.

4. The Defendant also waived her right to appeal her sentence unless the government files an appeal and/or her sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing.

5. Defendant pled guilty to Count I (Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h)), and Count VII (Money Laundering in violation of Title 18, United States Code, Section 1957). The Court advised Defendant that as to Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h), there is a statutory maximum potential sentence of ten years imprisonment; followed by a term of supervised release of three years, a fine of $250,000.00; and mandatory forfeiture, restitution, and a special assessment of $100.00. The Court advised Defendant that as to Money Laundering, in violation of Title 18, United States Code, Section 1957, there is a statutory maximum potential sentence of ten years imprisonment; followed by a term of supervised release of three years, a fine of $250,000.00; and mandatory forfeiture, restitution, and a special assessment of $100.00. Defendant acknowledged that she understood the possible maximum penalties that could be imposed in her case, including forfeiture and restitution.

6. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer. The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. In addition, the undersigned finds that Defendant's waiver of her right to appeal her sentence in this case is knowing and voluntary.

8. Therefore, this Court recommends that Defendant be found to have freely and voluntarily entered her guilty plea to Counts I and VII of the Indictment filed in this case, as more particularly described therein, and that Defendant be adjudicated guilty of those offenses.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing date is July 18, 2019, at 2:00 p.m. in Miami, Florida. The Defendant's conditions of release remain the same.

Therefore, it is hereby:

RECOMMENDED that Defendant EDWIDGE SURIN's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which she has entered her plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the District Judge.

Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 2nd day of April, 2019.

_____
JACQUELINE BECERRA
United States Magistrate Judge

Copies furnished via CM/ECF to:
Hon. K. Michael Moore, Chief United States District Judge
All Counsel of Record
U.S. Probation Office
U.S. Marshals Service